JONES, Justice.
Plaintiffs appeal from the trial court’s order granting Defendant’s motion to dismiss the complaint for failure to state a claim upon which relief may be granted. We affirm.
Plaintiffs filed a four-count complaint alleging fraud, negligence, wanton conduct, and willful misrepresentation on the part of the Defendant Bank in the sale of a certain parcel of land. Plaintiffs concede the correctness of the order dismissing two counts of the complaint. They argue, however, that Counts One and Four were improperly dismissed.
Count One of the complaint states, in pertinent part:
“3. Plaintiffs, who are husband and wife, negotiated with Defendant Bank for the purchase of lots 1075, 1074-A, and 1075-A of the Mt. Vernon-Woodbury Mills Sunset Hills Subdivision in Tallas-see, Alabama, from July 1, 1983, up to November 5, 1983.
“4. During the negotiations referred to above, Defendant Bank represented to Plaintiffs that Defendant Bank was the owner of these lots subject to the statutory right of redemption from foreclosure of that certain mortgage given by J.W. Patterson, Jr., and wife, Sandra B. Patterson, on May 1, 1971, to The Bank of Tallassee.
“5. At all times material hereto, Defendant Bank had actual knowledge of the existence of a second mortgage from J.W. Patterson, Jr., and wife, Sandra B. Patterson to W.B. Reneau and John E. Enslen, which second mortgage had been duly foreclosed by the mortgage holders.
“6. Defendant Bank knew that Re-neau and Enslen were claiming a substantial interest in the subject property.
“7. Plaintiffs made known to Defendant Bank during the negotiations that they were planning to build a home on the combined properties to be purchased and wanted a clear title to the property purchased from the Bank.
“8. Defendant Bank promised Plaintiffs that it would make an initial loan to them to purchase the property and would make a construction loan to them in connection with the building of said home.
“9. Defendant Bank further represented to Plaintiffs that title to the property was good and that there were no other claims or encumbrances against the property.
“10. Plaintiffs were told by Defendant Bank that they would not need an attorney on the transaction and that the Bank’s attorney would handle all legal work for them since he was already familiar with the property.
“11. Plaintiffs relied upon the representations of Defendant Bank and purchased the subject property, entered into a loan agreement with Defendant Bank, allowed the Bank’s attorney to handle the legal work, agreed to a construction loan from Defendant Bank, and started paperwork for a permanent loan from Real Estate Financing, Inc., Montgomery, Alabama.
“12. On or about December 28, 1983, Plaintiffs learned of the existence of the second mortgage and its foreclosure and learned that the mortgage holders re *52 ferred to above were claiming a substantial interest in the subject property.

“17. As a result of the fraudulent misrepresentations of Defendant Bank, Plaintiffs were injured and damaged. ...”
Count Four realleges the same facts, and adds:
“25. Defendant Bank acted in such a reckless manner with total disregard to Plaintiffs’ rights so as to amount to an intentional injury to Plaintiffs.”
“[A] complaint must be construed in favor of the pleader and should not be dismissed unless it appears beyond all doubt that the plaintiff can prove no facts in support of the claim which would entitle him to relief under some legally cognizable theory.” Roberts v. Meeks, 397 So.2d 111, 113 (Ala.1981), citing Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). With such a broad standard of review (sometimes referred to as the “any discernible circumstances” rule), it is rare that we affirm judgments granting motions to dismiss. When motions to dismiss are granted, the plaintiff should always be afforded leave to amend. Roberts, supra, at 114. In this case, however, Plaintiffs declined to plead further.
The basis of the Plaintiffs’ charge of fraud is that the Bank, in telling Plaintiffs of the existence of an equitable right of redemption, did not disclose the identity of those who held the right of redemption— namely, the second mortgagees. This failure to disclose, Plaintiffs assert, amounted to fraud. On the other hand, Defendant contends that the complaint specifically states that the Bank informed Plaintiffs that the real property was “subject to the statutory right of redemption from foreclosure.”
We are unable to discern any set of circumstances, from the allegations of the pleadings, to suggest that any actionable wrong was committed by the Bank by its failure to specify precisely who held that right of redemption. As between different classes of holders of redemption rights, we are unable to perceive any substantive difference that adversely affects, in different degrees, the material rights of these Plaintiffs. A claim of misrepresentation cannot be grounded upon the mere speculation or imagined notion that an undisclosed second mortgagee might increase the nature and character of the right of redemption encumbrance. Because the statement of the claim affirmatively shows the absence of the requisite elements of the tort of suppression of a material fact (Code 1975, § 6-5-102), the trial court’s order granting Defendant Bank’s motion to dismiss is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.